STATE OF MAINE
HANCOCK, SS.

SUPERIOR COURT
Docket No. RE-03-25

W.G. SAYRE and
NANCY E. SAYRE,
           Plaintiffs,

       v.

J. DOUGLAS WELLINGTON,
M. LOURDES WELLINGTON,
and WINDMILL HILL
ASSOCIATES,
           Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

**DECISION AND JUDGMENT**

DONALD L, ⬚⬚⬚⬚⬚⬚
LAW L⬚⬚⬚⬚⬚

**SEP 8 2004**

Plaintiffs commenced this action seeking a declaratory judgment regarding their rights and responsibilities with regard to a sixty-six foot wide piece of property in the Windmill Hill subdivision in Castine, Maine. They also seek a judicial imposition of a constructive trust regarding the sixty-six foot parcel. Defendants Wellington counterclaimed seeking a similar determination and a finding of trespass by the Plaintiffs. A third count of the Counterclaim sought damages, but was abandoned at trial. Accordingly, Judgment is rendered in favor of the Plaintiffs on Count III of the Counterclaim.

The parties submitted this dispute on an agreed stipulation of facts. Additionally, evidence was received at a hearing on July 12, 2004. The court finds that there are no material facts which are significantly controverted.

Although the Plaintiffs' lot[1] has frontage on Windmill Hill Lane, they elected to develop and use a circular driveway which enters and exits their property via the sixty-six foot parcel which abuts their property on the west. Plaintiffs testified that this means of access to their property maintained the aesthetic value of natural growth on their property as it abuts Windmill Hill Lane. Plaintiffs testified that this sixty-six foot parcel of land is a "common area" and they otherwise have use of it through an easement in their chain of title.

Defendants[2] own an extensive tract of land which is northerly of the Windmill Hill subdivision, but is not part of it. Access to their land is had via the Windmill Hill Lane and the aforementioned sixty-six foot parcel. Defendants initially had the right to use Windmill Hill Lane and a thirty-three foot right-of-way over the sixty-six foot piece of land by virtue of express easements which were created for their predecessors in title at the inception of the Windmill Hill subdivision. These rights are not in dispute.

---

[1] Lot number 4 as shown on "Subdivision Plan of Windmill Hill at Castine, Maine." See Plaintiffs' Exhibits 1 and 13.

[2] Herein, "Defendants" shall refer only to the Wellingtons as Windmill Hill Associates did not appear at trial.

Some manner of disagreement arose between the parties and a "No Trespassing" sign on a chain barrier appeared, apparently at the behest of the Defendants, at the entrance to the sixty-six foot parcel. Presumably the purpose of this barrier was to prevent the Plaintiffs from using the parcel to access their driveway.

Clearly the Defendants had no right to bar other persons from the use of the parcel at that time. Only the owner would have a right to restrict such use (unless the use impaired the Defendants' use of their easement) by other persons.

However, the parties' legal relationship changed dramatically when the Defendants acquired fee ownership of the sixty-six foot piece from the owner on January 29, 2003. See Plaintiffs' Exhibit 18. After that point, as owners of the parcel, the Defendants had the right to prohibit the use of the strip by any persons who had no right to go thereon or otherwise overburdened any easement. Chase v. Eastman, 563 A.2d 1099 (Me. 1989)

The court concludes that all owners of lots in the Windmill Hill subdivision are vested with a limited easement upon and across the sixty-six foot piece for the purpose of access to utility or service facilities located thereon.[3] There has never been any need for the lot owners to access the property owned by the Defendants at the other end of the sixty-six foot parcel. Indeed, he court finds no language in any instrument whereby any such general right of passage has been conveyed to any of the lot owners. Similarly, the court finds no specific grant of easement for the owners of lots three or four to access their property by virtue of the tract. Accordingly, the Plaintiffs have, at best, a right to traverse the strip for the limited purposes of maintaining the service facilities thereon.[4]

As such, the use of the Defendants' property for access to the Plaintiffs' property is, at the least, an overburdening of any easement. Defendants are entitled to their relief as sought in the Counterclaim.

The Plaintiffs have argued that the sixty-six foot piece is "common" property to be enjoyed by all owners of lots in the subdivision. Although some early documents make reference to a "...common area..." at the sixty-six foot piece (See Plaintiffs' Exhibit 3), neither the subdivision Plan nor any out-conveyances purport to convey any such interest. On the contrary, the Plan refers to the piece only in conjunction with the Defendants' right of way and the utility placements. This is to be contrasted with

---

[3] A septic "lift" station and related electrical connections are located upon the northwesterly portion of the sixty-six foot parcel.

[4] Interestingly, no easement for travel across the parcel has ever been granted except for a thirty-three foot way within the sixty-six foot parcel. The precise location of that way has never been legally established, although there has apparently always been such a road running roughly through the middle of the tract, thus creating a presumptive location. Even if Plaintiffs had a right to use such a right of way, there is no suggestion that it runs contiguously to their property – in other words, there would be a strip of the Defendants' land between the Plaintiffs' property and the traveled right of way.

subdivisions where parks or open areas are dedicated to the municipality or owners. The court concludes that the sixty-six foot area is not owned in common by any lot owners. The only "common" interest is their right to go upon the property to access the aforementioned service and utility locations.

Plaintiffs argue that the conveyance of the sixty-six parcel to the Defendants is void because it fails to comply with the terms of the subdivision approval and Maine law. The court disagrees. Although the sixty-six foot lot is certainly not "buildable," it may properly be conveyed to an adjoining landowner without violating the law. 30-A MRSA §4401(4)(D-6). The court concludes that the conveyance is permissible, legal, and conveys the rights of owners upon the Defendants.

Accordingly, as a declaratory judgment the court rules as follows: the Defendants are the owners of the sixty-six foot parcel of property. As the Plaintiff have no right to traverse the parcel for the purposes of obtaining access and egress to their property, they are enjoined from doing so. Nominal damages are awarded to Defendants for trespass; Defendants are awarded their costs.

The Clerk may incorporate this Order upon the docket by reference.

Dated: July 16, 2004

Andrew M. Mead
JUSTICE, MAINE SUPERIOR COURT

FILED &
ENTERED

JUL 1 6 2004

SUPERIOR COURT
HANCOCK COUNTY